

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2012

# In Re: Kit Lee

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-2170

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"In Re: Kit Lee " (2012). *2012 Decisions.* Paper 934.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/934

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-182 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2170
_____

IN RE: KIT B. LEE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 09-cv-05720)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 17, 2012
Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 25, 2012)
_____

OPINION
_____

PER CURIAM

    In November 2009, the petitioner, Kit Lee, filed a complaint in the United States

District Court for the District of New Jersey against Sunrise Senior Living, Inc., alleging

employment discrimination and retaliation in violation of Title VII of the Civil Rights

Act of 1964.  <u>See</u> 42 U.S.C. § 2000e et seq.  Lee also asserted a state-law defamation

claim.  The District Court subsequently dismissed the complaint due to Lee's failure to

1

comply with several discovery orders.  See Fed. R. Civ. P. 37.  Upon review, this Court affirmed.  Lee v. Sunrise Senior Living, Inc., 455 F. App'x 199 (3d Cir. 2011).

Lee now seeks a writ of mandamus compelling the District Court to rule on the merits of her complaint.  Lee contends that our previous order affirming the District Court's dismissal of the complaint created a "judicial stalemate," and argues that we are obligated to "fix the stalemate" by ordering the lower court to reopen proceedings.  Lee evidently misunderstands the judicial process; as noted above, the District Court dismissed the complaint pursuant to Rule 37, and this Court affirmed.  There is no "stalemate."

Accordingly, we will deny the mandamus petition.